Brennan, J.
This is an appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C, concerning the trial court’s allowance of a motion for summary judgment. The facts necessary for an understanding of this case are as follows.
On or about July 18,1996, Lawrence A. Gadd (hereinafter, the plaintiff/appellee) and Alan Wallach (hereinafter, the defendant/appellant) entered into a written agreement whereby plaintiff loaned the defendant the sum of $10,700.00, which was to be repaid to the plaintiff by the defendant in monthly installments of $350.00. This agreement provided for an annual interest rate of 11%. The promissory note and agreement were signed by both parties and witnessed. Defendant made payments for a period of time and eventually defaulted on the loan.
Plaintiff brought suit for recovery of the proceeds of the loan. On or about February 10,1997 plaintiff filed a complaint alleging that defendant failed to repay the loan in violation of the terms of his promissory note and accompanying agreement. Plaintiff sought damages in the amount of $7,234.65 plus costs, attorneys fees, and interest. Defendant filed his answer, pro se, on March 10,1998, largely admitting the allegations contained in plaintiff’s complaint.
On June 25, 1998, plaintiff filed a motion for summary judgment. On July 6, 1998 a hearing was held on plaintiff’s motion for summary judgment and on July 9, 1998, plaintiff’s motion for summary judgment was allowed. Thereafter, defendant filed Notice of Appeal pursuant to Rule 8C of the Dist./Mun. Cts. R. A. D. A., asserting that it was error to allow the plaintiffs motion because there were, in his opinion, legitimate questions of fact.
The sole issue before the court is whether the trial judge committed error in allowing plaintiffs motion for summary judgment. More particularly, was there a genuine issue of material fact which would have necessitated a trial?
Defendant alleges that the loan was part of a “collateral book publishing joint venture between him and the plaintiff.” He further alleges that, prior to the signing of the note the parties made a verbal agreement concerning repayment of the loan. Nevertheless, the record indicates that defendant in fact signed two promissory notes, one in December 1994 and another in July 1996. Defendant admitted to signing the notes and the agreements, and, in fact acknowledged the indebtedness. The allegations of ancillary oral agreements alleged to have been made prior to the execution of the written agreements and not referenced or incorporated in any way within the written contracts were properly excluded by the trial judge, who relied on the parol evidence rule. The judge properly relied on the written contract between the parties. The trial judge did not, in any manner, abuse his discretion.
For the reasons cited above the appeal is dismissed.